# THE CASSAR LAW FIRM, P.C.

*13 East Carver Street*
*Huntington Village, New York 11743*
*Telephone (631) 271-6596*
*Facsimile (631) 351-0196*

*Christopher J. Cassar, Esq.†\*^*  
*Pierre Bazile, Esq.\**  
*Christian P. Curran, Esq.\**

*Nassau County Office:*
*626 RXR Plaza*
*West Tower, 6th Floor*
*Uniondale, New York 11556*

† ADMITTED IN THE U.S. COURT OF APPEALS FOR THE SECOND CIRCUIT
\* ADMITTED IN THE U.S. DISTRICT COURT, EASTERN & SOUTHERN DISTRICTS OF NEW YORK
^ ADMITTED IN THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF NEW YORK

November 9, 2019

*Sent via ECF*
Hon. Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      RE: United States of America v. Lawrence Lewis
         Case No.:  11-cr-00187
         **Uncharged Crimes**

Dear Judge Seybert:

  As you know, this office represents the defendant, Lawrence Lewis, in the above referenced matter.

  On November 6, 2019, at the court conference, the defense raised several concerns in connection with the introduction of uncharged crimes by the Government at trial. At the time, the Government did not specify or identify the uncharged crimes which they intend to introduce other than to state that they are contained in the 3500 material. Thus, leaving the defense to guess at the specific evidence of uncharged crimes the Government will offer at trial. Adding additional confusion to the defense is the fact that the indictment covers a period of fourteen (14) years.

  On November 6, 2019, the Government stated that the uncharged crimes contained in the 3500 Material will be offered for the sole purpose of establishing an "enterprise" under Racketeering (COUNT ONE) and not under Racketeering Conspiracy (COUNT TWO).

  "[I]t is well settled that in prosecutions for racketeering offenses, the government may introduce evidence of uncharged offenses to establish the existence of the criminal enterprise." *United States v. Baez,* 349 F.3d 90, 93 (2d Cir.2003).

  After reviewing the 3500 Material, it appears that the Government intends to introduce evidence of uncharged crimes that do not establish the "existence of the criminal enterprise" which are irrelevant and highly prejudicial to a fair trial.

November 9, 2019

Hon. Judge Joanna Seybert
Page 2

      On April 14, 2016, the defendant was arrested for the following charges:
1. Criminal Contempt in the Second-Degree PL 215.50 [for violating an order of protection involving a girlfriend]; and
2. Resisting Arrest PL 205.30.

      On August 27, 2015, the defendant was arrested for the following charges:
1. Criminal Contempt in the Second-Degree PL 215.50 [for violating an order of protection involving a girlfriend];
2. Criminal Possession of a Weapon in the Fourth Degree PL 265.01; and
3. Endangering the Welfare of a Child PL 260.10.

      On August 20, 2015, the defendant was arrested for the following charges:
1. Criminal Contempt in the Second-Degree PL 215.50 [for violating an order of protection involving a girlfriend];
2. Menacing PL 120.14;
3. Criminal Mischief PL 145.00 (1); and
4. Criminal Mischief PL 145.00 (4)(a).

      In the 3500 Material, the Government has disclosed the 911 recordings for these incidents. Thus, the defense assumes that the Government intends to introduce the 911 recordings.

      The introduction of this evidence of uncharged crimes which does not establish the "existence of the criminal enterprise" which is irrelevant and highly prejudicial to a fair trial should be inadmissible.

      Thank you for your time and consideration.

                                                      Respectfully yours,

                                                  _____/s/_____
                                                Christopher J. Cassar, Esq.

CJC/crc

cc: AUSA Christopher Charles Caffarone *via ECF*
     AUSA Mark E. Misorek *via ECF*
     AUSA Kathleen Kearon *via ECF*